UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L MOORE, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|   v. | )   CIVIL NO.  2:10cv150 |
| | ) |
| CITY OF GARY POLICE DEP'T, et al., | ) |
| | ) |
|     Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by one of the defendants, William Hunt, Jr. ("Hunt"), on September 11, 2011.  The plaintiffs, James L. Moore ("Moore") and Alecia Fonesca ("Fonesca"), filed their response on December 30, 2011, to which Hunt replied on February 10, 2012.

Also before the court is a "Motion for Summary Judgment on Plaintiffs' Complaint against William Hunt Jr. For Malicious Prosecution", filed by the plaintiffs on December 30, 2011. Hunt responded to the motion on January 27, 2012, to which the plaintiffs replied on February 6, 2012

Plaintiffs also filed a "Motion for Summary Judgment on Plaintiffs [sic] Complaint for Violation of Civil Rights Against Defendant, City of Gary, Incorrectly Sued as City of Gary Police Department", on December 30, 2011.  The City of Gary responded to the motion on March 21, 2012, to which the plaintiffs replied on March 23, 2012.  On this same date, plaintiffs also filed a motion to strike the City of Gary's response to the motion for summary judgment.

For the following reasons, Hunt's motion for summary judgment will be granted and the plaintiffs' motions will all be denied.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

Prezella Anderson rented property in the City of Gary from Hunt. She paid her rent with help of the Gary Housing Authority, Housing Choice Voucher Program Assistance. The Housing Assistance Payments Contract provided that the only persons permitted in the household were Anderson and her four children, and that other persons "may not be added to the household without prior written approval of the owner and the PHA." The lease agreement between Anderson and Hunt, dated March 28, 2008, likewise stated that "the only persons living in the property is/are Prezella Anderson, Four Minor Children." The lease agreement further states that "Tenant agrees not to transfer, assign or sub-lease the Leased Premises without the

Landlord's written permission."

Plaintiff Moore is Anderson's brother. According to Moore, Anderson and her children left the state in November or December of 2008, and she gave Moore and his fiancé, plaintiff Fonesca, oral permission to live in the rental property. Moore states that Anderson agreed to pay the rent with the housing assistance monies and he was to pay the utility bills. Moore moved into the home in December of 2008 and Fonesca moved in during January of 2009. However, in February of 2009, the housing authority stopped paying the rent, due to Anderson's abandonment of the property.

In February of 2009, Hunt wanted Moore and Fonesca out of his rental house. The Gary Police were eventually called and Moore and Fonesca were arrested for trespassing, as they were not named on the lease agreement. However, the charges were ultimately dropped and they were not prosecuted. On April 7, 2010, Moore and Fonesca filed the present civil rights action against the City of Gary, Sergeant Martinez Newman (the arresting officer), and Hunt. The plaintiffs allege, among other things, that Hunt conspired with Officer Newman to violate the plaintiffs' civil rights and have them falsely arrested and maliciously prosecuted.

Hunt, of course, is a private party and not a governmental worker or entity. "Although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." Lugar v. Edmondson Oil Co., 500 U.S. at 620.

A court must be guided by two considerations in determining whether to hold a private citizen liable for an alleged constitutional violation: (1) "whether the claimed constitutional

deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "whether the private party charged with the deprivation could be described in all fairness as a state actor." Id.; Morfin v. City of E. Chicago, 349 F.3d 989, 1003 (7th Cir. 2003). For a private party to act under color of law, there must be evidence of a concerted effort between a state actor and the private party. Moore v. Marketplace Restaurant, Inc., 754 .2d 1336, 1352 (7th Cir. 1985). A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority to act." West v. Atkins, 108 S.Ct. 2250 (1988). In other words, an actor acts under color of state law if he "purposes to act in an official capacity or to exercise official responsibilities pursuant to state law." Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995).

One means of showing joint action is to allege a conspiracy. In order to state a claim for relief under a civil rights statute, the plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of a conspiracy is insufficient to establish a claim. House v. Belford, 956 F.2d 711, 721 (7th Cir. 1992). When a plaintiff's complaint is unclear as to how the private party's conduct is connected to the state actor or when "nothing in the complaint demonstrates the existence of any joint action, concerted effort, or even a general understanding between the parties, it is appropriate for a district court to determine that a plaintiff fails to demonstrate that the defendants acted under color of law and to dismiss the plaintiff's complaint. Id. Evidence that the defendant filed a complaint, or gave a police officer false information, is not, by itself, sufficient to state a claim against a private party under Section 1983. Anderson v. Continental Illinois Nat. Bank & Trust Co., 577 F. Supp. 872, 875 (N.D. Ill. 1984); Moore v. Marketplace Restaurant, Inc., 754 F. 2d 1336, 1352 (7th Cir. 1985) "[T]he

plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." Moore, supra, 754 F.2d at 1352.

The plaintiffs contend that Hunt participated in a conspiracy with his father, Hunt Sr., and Sergeant Newman to deprive the plaintiff of their Fourth Amendment rights to be free from unlawful search and unreasonable arrest. Although the plaintiffs' argument is far from clear, it appears that they believe a conspiracy existed because, at the time of their arrest, the Hunts were standing next to Newman and Hunt and Newman showed the arriving officers the lease agreement to show that the arrest was proper. Plaintiffs also assert that the Hunts knew Newman prior to the arrest and that this supports their conspiracy claim.

As Hunt points out, however, the evidence shows that Hunt Sr. testified that he knew Newman only through the purchase of an automobile a month or so earlier. There is no evidence in the record that the defendant Hunt knew Newman at all prior to the incident. In any event, merely knowing a police officer for any period of time is insufficient evidence of a conspiracy. All police officers have family, friends, and acquaintances, and any one of them can call upon the officer to effect an arrest if the facts warrant an arrest. Additionally, merely standing next to an officer whom effects an arrest is no basis for a conspiracy claim. Complaining parties are often in the vicinity of an arrest in order to explain the problem to the arresting officer and to answer questions. The facts in this case show that Newman, who was off duty at the time, was with Hunt Sr. looking at a car he was considering purchasing. When informed of Hunt's problem getting rid of his unwanted "tenants", he arrested them for trespass after ascertaining from the lease agreement that they had no right to be on the property. There is absolutely no

5

evidence of conspiracy in this case and summary judgment will be granted on this point.[1]

The plaintiffs have alleged that Hunt "maliciously prosecuted" them. To prevail on such a claim, the plaintiffs would have to prove that there was absolutely no probable cause for their arrest. Wheeler v. Nesbitt, 65 U.S. 544, 549-50 (U.S. 1961); Lazarus Dep't Store v. Sutherlin, 554 N.E.2d 513, 1989 Ind.App. LEXIS 927 (Ind. App. 1989). It is clear in this case that the plaintiffs had no right to be in Hunt's house, that he had asked them to leave and they refused, and that the lease agreement supported Hunt's assertion to the police that they had no right to be in the house. Therefore, probable cause existed for their arrest, and they cannot maintain a claim against Hunt for malicious prosecution[2].

In conclusion the court finds that the plaintiff's claims against Hunt fail. The plaintiffs did not have a property right in Hunt's house, and thus there is no way Hunt could have deprived them of any constitutional rights with respect to the property. Also, Hunt had proof via the lease agreement that the plaintiffs had no right to be in his house, and thus the plaintiffs have no basis to complain about being arrested after refusing to leave the premises. Accordingly, Hunt's motion for summary judgment will be granted.

The plaintiffs have filed a motion for summary judgment against the City of Gary

---

[1] The plaintiffs also claim that Hunt was a state actor, acting under color of state law, to deprive the plaintiffs of their constitutional rights. There is simply no evidence to support this claim, as Hunt merely informed Newman that he wanted the plaintiffs out of his house, and showed Newman the lease agreement which supported Hunt's complaint that the plaintiffs had no legal right to be in his house, as they were not the proper tenants.

[2] The plaintiffs have filed a motion for summary judgment as to their claim against Hunt for malicious prosecution. As it is impossible for them to prove that there was no probable cause for their arrest, based on the undisputed facts of this case, their motion will be denied.

(incorrectly sued as City of Gary Police Department).[3] This motion is based on the fact that defendant Officer Newman arrested the plaintiffs while off duty, and was subsequently disciplined for making the arrest because it was against department policy to make a minor arrest while off duty. Plaintiffs jump to the conclusion that because the arrest was against department policy, the arrest must have been made without probable cause. However, this is simply not the case, and the plaintiffs are mixing apples and oranges. While it is not disputed that Newman was not supposed to make a minor arrest while off duty, this does not change the fact that probable cause existed for the arrest based on the facts that the plaintiffs had no legal right to be in Hunt's house.

The plaintiffs also claim that this incident proves that the City of Gary does not properly train their police officers. However, even if this were proven, it does not affect the outcome of the case because there is no showing that the plaintiff's rights were violated by the alleged lack of training. Accordingly, the plaintiffs' motion for summary judgment will be denied.

Conclusion

On the basis of the foregoing, Hunt's motion for summary judgment [DE 21] is hereby GRANTED. The plaintiffs' motions for summary judgment against Hunt [DE 37] and against

---

[3] The plaintiffs have filed a motion to strike the City of Gary's opposition brief, complaining that the brief does not direct the court to the portions of the record where the genuine issues may be found. While none of the briefs in this case are exemplary, the City of Gary's brief is sufficient and will not be stricken.

the City of Gary [DE 39] are both hereby DENIED. Additionally, plaintiffs' motion to strike [DE 78] is hereby DENIED.

Entered: July 12, 2012.

                                                    s/ William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court